## PEOPLE v. McDONALD.

### Crim. No. 167; August 18, 1896.

#### 45 Pac. 1005.

Robbery—Sufficiency of Evidence.—On a Trial for robbery, the testimony showed that defendant and a confederate, late at night, found the prosecuting witness intoxicated in a saloon; that, under the pretext of escorting him to his hotel, they took him along the street till they came to a blind alley; that, while one of them choked the witness, the other rifled his pockets; that they had been seen by an officer to enter the alley, and, when he came upon them, defendant was stooping over the witness, and his confederate was standing near by; that a small amount of coin was found on the confederate, and a spectacle case belonging to the witness was found near where the confederate was standing. The accomplices claimed that the witness was their friend and shipmate, and that they were taking him home, but in fact they were strangers to the witness. Held, that a verdict of guilty was sustained by the evidence.

APPEAL from Superior Court, City and County of San Francisco.

Michael McDonald was convicted of robbery and from the judgment of conviction and an order denying him a new trial he appeals. Affirmed.

Geo. Hayford for appellant; Attorney General Fitzgerald for the people.

VAN FLEET, J.—Defendant appeals from a judgment of the superior court of the city and county of San Francisco, convicting him of robbery, and from an order denying him a new trial. The single contention upon which a reversal is asked is that the verdict is not sustained by the evidence. The contention is untenable. The evidence of the

prosecution tended to show that defendant and a confederate found the prosecuting witness, Wilson, late at night, in a basement saloon, commonly designated as a ''dive,'' near the waterfront in said city, under the influence of liquor, and offered to escort him to his hotel. He went with them, and they took him along the street until they reached a blind alley, into which they turned, and while one choked him, the other rifled his pockets, and took what money he had on his person, amounting to between one and two dollars. They were discovered in the act by an officer who had seen them enter the alley, and was induced to investigate by hearing a scuffle. When the officer approached the defendant was stooping over the prostrate form of the prosecuting witness, and his confederate was standing some six or seven feet distant. Upon being arrested and searched a small amount of coin—$1.25—was found on the confederate; and on searching the alley after the arrest a pair of spectacles, with their case, belonging to the prosecuting witness, and which had been in his trousers pocket, was found lying near where the confederate was seen standing. When approached they stated to the officer that the prosecuting witness was their friend and shipmate, and was intoxicated, and that they were taking him home. This statement was shown to be wholly untrue, and that they had had no previous acquaintance with him. Under these circumstances, the jury were fully justified in finding the defendant guilty. It is true, the defendant denied the robbery, and gave evidence tending to put an entirely innocent face upon the transaction; but the jury were not bound to believe him, and evidently did not. The fact that none of the fruits of the robbery were found on his person was but a circumstance making in his favor, but in no way conclusive of innocence. We think the evidence amply sufficient to sustain the verdict. Judgment and order affirmed.

We concur: Harrison, J.; Garoutte, J.